PLATT *v.* PENNSYLVANIA R. CO.

*(Superior Court of New York City, General Term.* November 3, 1890.)

SUBROGATION—LOSS OF GOODS BY FIRE—LIABILITY OF CARRIERS.
  Cotton covered by two policies of insurance was destroyed while in the custody of a railroad company. The two insurers paid the owners of the cotton the full amount of their loss. *Held*, that any claim of the owners against the railroad company thereupon passed to the insurers by subrogation, and a subsequent assignment thereof to one of them by such owners was unavailing.

Appeal from judgment on report of referee.
Action by Clayton Platt against the Pennsylvania Railroad Company. The referee dismissed the complaint, and rendered the following opinion: "This action is brought by the plaintiff, as assignee of a chose in action which he alleges was assigned to him by the president and directors of the Insurance Company of North America. He alleges, also, that his assignors were themselves the assignees of certain persons doing business as partners under the firm name of Ralli Brothers. It is conceded that whatever cause of action arose out of the acts of the defendant arose in favor of Ralli Brothers. But this cause of action was for the value of thirty-six bales of cotton, which were destroyed by fire while in the custody of the defendant. The plaintiff alleges that 'all the right, title, and interest of said Ralli Brothers in said thirty-six bales of cotton, and all their claim or demand for loss and damage thereto, were duly assigned and transferred to the president and directors of the Insurance Company of North America, by which company said rights, claims, or interests were thereafter, for a valuable consideration, duly assigned to the plaintiff herein.' An assignment from Ralli Brothers to the insurance company is in evidence, and is dated November 24, 1884. The assignment

from the insurance company is in evidence, and is dated December 3, 1884. Ralli Brothers had policies of insurance on the cotton with the Insurance Company of North America and with the New York Marine Underwriters, the latter of which are unincorporated. •Before November 24, 1884, these two insurers had paid Ralli Brothers the entire amount of the loss, so that the assignment of that date did not vest with the Insurance Company of North America any claim of Ralli Brothers against the defendant, as any claim of Ralli Brothers against the defendant had passed already to the insurers by way of subrogation. This claim, moreover, was indivisible. The plaintiff proves, however, some conversations which he claims establish an oral assignment by the New York Marine Underwriters of their part of this claim to the Insurance Company of North America. It seems to me that the evidence is all consistent with the fact that the assignment that the witnesses had in mind was the assignment which was executed in fact on November 24, 1884. Moreover, the evidence of the witnesses is indefinite and inharmonious. Mr. Chubb says that it was discussed who should take the claim and prosecute it, and adds: ' It was finally decided that Mr. Clayton Platt should take the matter in charge, and act in his own suit.' Now this evidence tends to show a direct oral assignment to Mr. Platt, quite as much as an assignment to the Insurance Company of North America. I have read the evidence over several times, in order to see if it would not justify a finding that upon some day prior to December 3, 1884, there was an executed oral assignment, as claimed by the plaintiff, but I am unable to come to the conclusion that such was the case. The complaint was verified December 4, 1884, by the plaintiff himself, one of the only two witnesses who testify to the conversations about a transfer of the claim. The witnesses are both intelligent men of business, and their evidence does not, in my judgment, support the contention that the oral assignment ever took place. There was much general conversation about an assignment, but no assignment. This view of the evidence has seemed to the referee to render it unnecessary, and therefore improper, for him to discuss the interesting questions of law in the case. Some secondary evidence of the contents of documents has been admitted, in order that the plaintiff might have before the court all the facts, although it is very doubtful whether the plaintiff proved enough to make the evidence admissible. The defendant is entitled to judgment dismissing the complaint, with costs." From the judgment thereupon entered, the plaintiff appeals.

Argued before FREEDMAN and TRUAX, JJ.

*Nathaniel A. Prentiss,* for appellant.   *Robinson, Scribner & Bright,* for respondent.

PER CURIAM.   Judgment affirmed, with costs, on the opinion of the referee.